POTTER *vs.* DAVIS and others, commissioners of highways of the town of Wilna.

By an act of the legislature loans were made by the state to the towns of Wilna and Champion, to assist them in building a bridge across the Black River, which the commissioners of highways of said towns were to build as they or a majority of them should direct. *Held*, that the commissioners were not limited as to the expense of this bridge by the sums loaned, but were left to their own discretion.

Where, by a contract entered into in pursuance of said act, an indebtedness accrued against the town of Wilna, and promissory notes were given by the commissioners of highways of that town, as such commissioners; *held*, that an action might be maintained upon the notes, by the original payee against said commissioners or their successors in office.

Contracts made for the purposes designated in said act bind the town.

Whether such notes are negotiable, *quære?*

DEMURRER to plea. Action of assumpsit, brought October, 1843. The declaration alleges that the commissioners of highways of Wilna and Champion under the act of May 7, 1840, caused a bridge to be constructed across the Black River at Carthage, in that year, of such materials, form and finish as they or a majority of them collectively had directed; that said commissioners employed the plaintiff to build, and he built it under and according to a contract, made June, 9th, in said year, which contract was between the then commissioners of Champion and two of the then commissioners of Wilna (not however parties to the present suit) and the plaintiff; by which he agreed to construct the bridge according to said contract, and the commissioners agreed to pay him $5,000.00 therefor, as follows, to wit, $1,000.00 when work, including materials, was done to that amount, and so on to $4,000.00. The remaining $1,000,00 was to be paid in four equal annual payments, with interest annually, after the bridge was completed. After the bridge had been completed, Munn, Brooks and Williamson, then commissioners of Wilna, in order to assure the plaintiff the payment of $500.00, with interest, being half the amount to be paid for said bridge by the towns of Champion and Wilna, beyond said $4,000.00,

made to the plaintiff four promissory notes, dated February 1st, 1841, for $125.00 each, payable, with interest annually, in two, three, four and five years. The notes were made and signed by them, as such commissioners of highways. It is further alleged that the defendants were chosen such commissioners of Wilna in February, 1843, and that the first note was due, with interest on the others; by means of which the defendants as such commissioners became liable, and being so liable as such commissioners promised to pay, &c.

The defendants pleaded that, previously to making the bridge, the town of Wilna, having no means to construct said bridge, in conjunction with the town of Champion obtained by an act a loan of $2,000.00 to each town for the sole and only purpose of building said bridge, and by which act said joint commissioners of Wilna and Champion were authorized to expend the sum of $4,000.00 to construct the same and which was sufficient to pay and compensate the builder of a good and substantial bridge. But Munn and Brooks, two of the commissioners of Wilna, without any funds provided and appropriated, and without power, undertook to obligate the town of Wilna to pay the further sum of $500.00, and for that purpose made these notes.

Demurrer to this plea and joinder.

*W. McCall*, for plaintiff.

*C. P. Kirkland*, for defendants.

*By the Court*, BEARDSLEY, J. By an act of the seventh day of May, 1840, the state made a loan to the town of Champion of two thousand five hundred dollars, to the town of Le Roy of seven hundred and fifty dollars, and to the town of Wilna of two thousand dollars, "to enable the towns of Le Roy and Champion to build a bridge across the Black River at the Great Bend, and to enable the towns of Wilna and Champion to build a bridge across the Black River at Carthage" (Laws 1840, p. 191, § 1). The sixth section of the act is as follows. "The commissioners of highways of the towns of Champion and Wilna shall cause to be con-

structed across the Black River, at Carthage, a bridge, during the present year, of such materials, form and finish as they, or a majority of them collectively, shall direct." There is a similar provision as to the bridge which was to be built at the Great Bend. (§ 5.)

This was a positive command to the commissioners of those towns to construct these bridges, and it was their duty to obey.

The act fixes no limit to the expense of these bridges; that was left to the discretion of the commissioners of the towns, who were to make them "of such materials, form and finish", as they might direct.

The amount lent by the state was not intended to limit the expenditure. Two bridges were required by the act to be built; Champion was to be at half the expense of each, but the loan to that town was two thousand five hundred dollars only. Le Roy would build half of one bridge and Wilna half of the other, and they borrowed collectively, two thousand seven hundred and fifty dollars. It is but reasonable to suppose that if the sums lent were intended to limit the expense, Champion would have received as much as both the other towns. But such was not the object of the loans made, or of the act. Advances were made to the several towns according to their necessities, to enable them to go on with these works, but not to limit what, in its nature, could not well be determined in advance, and which the legislature had no means of ascertaining with any thing like certainty.

The bridges were to be built by the several towns; the loans were to the towns, and they were to re-pay the same as is provided in the act. The commissioners were to cause the bridges to be built, but in doing so they would act for their respective towns, and whatever contracts were made for the purpose would bind the towns for whose benefit they were made. The last section of the act shows that contracts must be made by the commissioners, for the money loaned by the state was only to be advanced to pay "for work then done, or materials actually furnished," and to the person or persons by whom the work had been done or materials

furnished. Contracts, therefore, were to be made, and these contracts would be binding on the towns.

The declaration shows that the commissioners of highways of the towns of Champion and Wilna contracted with the plaintiff, in 1840, to erect the bridge at Carthage, for which he was to be paid five thousand dollars; that he completed said work; and on the first of February, 1841, the commissioners of Wilna, to secure to him the sum of five hundred dollars, then unpaid on his contract, gave to him the four notes mentioned in the declaration. These were given by the then commissioners of highways of Wilna, in their official character, and for a liability incurred by them on behalf of that town. What they did was fairly within the scope of their authority, and the law gives the same remedy against their successors as might have been had against those who signed the notes, if they had remained in office. (2 R. S., 474, § 98; see also §§ 96, 99, 100, 108.) The defendants are such successors, and the suit is well brought against them.

An objection is made that commissioners are not authorized to give promissory notes in their official capacity, so as thereby to bind their successors. There is no occasion, at this time, to determine that such notes have or have not the quality of negotiability, for this suit is brought by the party with whom the original contract was made; the one to whom these notes were given and are made payable. They may not have the quality of negotiability, although I do not well see why they have not; but that, in this case, is of no consequence.

In form, this is an action against the defendants as commissioners of highways, but in substance it is against the town of Wilna. If the plaintiff recovers, the amount must ultimately be paid by the town. (2 R. S., 476, § 108; see also 1 R. S., 357, § 8.)

Judgment for the plaintiff with leave to amend on the usual terms.